NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50062 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:19-mj-23711-BGS-DMS-1 |
| | 3:19-mj-23711-BGS-DMS |
| RANOLFO RIOS-DIAZ, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Submitted February 6, 2024**
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Ranolfo Rios-Diaz appeals the district court's decision affirming the

magistrate judge's denials of his motions to suppress his post-arrest statement and

to continue trial proceedings. We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.     The district court properly affirmed the magistrate judge's denial of Rios-Diaz's motion to suppress his post-arrest statement.  Relying on our decision in *United States v. San Juan-Cruz*, 314 F.3d 384 (9th Cir. 2002), Rios-Diaz contends that the warning that his asylum interview might be his only opportunity to divulge any reasonable fear he had of returning to Mexico conflicted with his right to remain silent, triggering the government's duty to clarify his right to remain silent.  But this argument is foreclosed by our recent decision in *United States v. Gonzalez-Godinez*, which addressed the same purported contradiction Rios-Diaz describes here.  89 F.4th 1205, 1209 (9th Cir. 2024).  Here, as in *Gonzalez-Godinez*, "there was nothing misleading about the warnings [Rios-Diaz] received." *Id.*  Unlike in *San Juan-Cruz*, the warnings Rios-Diaz received did not contain conflicting statements about whether a lawyer would be provided at government expense if he wanted one.  Nor does Rios-Diaz suggest that he otherwise faced confusing or coercive conditions. *See id.* at 1210.  "[T]he government was thus not required to clarify [Rios-Diaz's] right to silence." *Id.*

2.     The district court properly affirmed the magistrate court's denial of Rios-Diaz's continuance motion.  "At a minimum," Rios-Diaz "must show some prejudice resulting from the court's denial." *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010) (quoting *Armant v. Marquez*, 772 F.2d 552, 556-57 (9th Cir. 1985)).  Rios-Diaz does not identify any missteps by defense counsel or

2

any aspects of counsel's performance that might have been altered if she had been given more time to prepare.  Thus, Rios-Diaz fails to articulate any prejudice resulting from the denial.

**AFFIRMED.**

3